CHIEF JUSTICE McGRATH,
dissenting.
¶21 I dissent from the majority’s disposition of this case.
¶22 The majority holds that the pivotal issue in this case is whether § 40-4-208(4), MCA, applies. Opinion, ¶¶ 2,16. The majority concludes that the statute applies and that Holly’s marriage to Loftis terminated Walter’s obligation to pay maintenance to her.
¶23 However, § 40-1-402(5), MCA, provides that a declaration of marriage invalidity may be retroactive to the date of the marriage. I conclude, because the marriage to Loftis was invalidated and specifically made retroactive to the date of the marriage, § 40-4-208, MCA, does not direct the outcome of this case.[1]
¶24 When a marriage is declared invalid, “in the eyes of the law the marriage is deemed as having never occurred, regardless of whether the decree of invalidity is declared retroactive or nonretroactive.” In re *331 Marriage of Williams, 208 Mont. 252, 255, 677 P.2d 585, 586 (1984). But § 40-1-402(5), MCA, does “have an effect on the rights of the parties to the recent marriage and other third persons, depending on whether the decree of invalidity is declared nonretroactive or retroactive.” Marriage of Williams, 208 Mont, at 255, 677 P.2d at 586. ¶25 In Marriage of Williams this Court considered the effect of § 40-1-402(5), MCA, on the prior maintenance obligation of a divorced spouse. This Court adopted a rule announced by the Utah Supreme Court in Ferguson v. Ferguson, 564 P.2d 1380 (Utah 1977), that whether a decree of invalidity of the second marriage reinstates a prior obligation of maintenance is a matter left to the sound discretion of the district court, based upon the equity of the situation. Marriage of Williams, 208 Mont, at 256, 677 P.2d at 587.
¶26 I would construe and apply these authorities to hold that § 40-4-208(4), MCA, did not automatically terminate Walter’s obligation to pay maintenance to Holly, and that further proceedings before the District Court are required to make a determination under Marriage of Williams as to whether equity requires a continuation or a discontinuation of Walter’s maintenance obligation.
¶27 I would remand to the District Court for further proceedings in light of § 40-1-402(5), MCA, and Marriage ofWilliams.
JUSTICE MORRIS joins in the foregoing dissenting Opinion of CHIEF JUSTICE McGRATH.

 As noted by the majority, the parties, inexplicably, have failed to discuss the impact of the declaration of invalidity and the application of § 40-1-402(5), MCA. Because of the clear impact of these provisions of Montana law to the undisputed facts of this case, I would address this issue.